IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND


SYLVONTAE BISHOP et al.        *
                               *
                               *
v.                             *   Civil Action No. WMN-10-3640
                               *
                               *
MIKE LEWIS et al.              *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                      **MEMORANDUM & ORDER**

    This action arises out of a traffic stop that occurred on December 28, 2010, in Wicomico County, Maryland.  In their Amended Complaint, Plaintiffs brought claims under 42 U.S.C. §§ 1981 and 1983 and under Title VI of the 1964 Civil Rights Act.  On May 4, 2011, this Court granted motions to dismiss which had been filed by the Maryland State Police and by Defendant Mike Lewis.  ECF No. 19.

    The Court granted the motion as to the § 1981 and § 1983 claims against the Maryland State Police and against Lewis in his official capacity on the ground of Eleventh Amendment immunity.  The Court granted the motion as to the Title VI claim against the Maryland State Police[1] and the claims against Lewis in his individual capacity based upon a lack of sufficient

---

[1] To the extent Plaintiffs were attempting to bring a Title VI claim against Defendant Lewis in his individual capacity, the Court found that he was not a proper defendant for such a claim.

allegations in the Amended Complaint to support the claims.  In ruling on the motions to dismiss, the Court noted the "remarkable lack of care" employed by Plaintiffs' counsel in his pleadings.  Id. at 13.  In the order granting the motions, the Court permitted Plaintiffs ten days in which to file another amended complaint.  The Court explicitly cautioned that, should Plaintiffs fail to file such an amended complaint within ten days, "the dismissal of the current Amended Complaint will be with prejudice."  ECF No. 21, ¶ 2.  No amended complaint was filed within the period allowed.

On October 14, 2011, Plaintiff Vernon J. Leftridge, Jr. submitted a second Amended Complaint for filing.  The Court returned the proffered pleading, however, noting that the case was ordered dismissed on May 4, 2011, and Plaintiffs were given just 10 days to file an amended pleading.  The Court also noted that Plaintiff Sylvontae Bishop did not sign the proffered pleading.  As a non-attorney, Plaintiff Leftridge cannot offer pleadings on behalf of anyone but himself.  See Local Rule 101(a).

More than six weeks later, on December 2, 2011, Leftridge filed a second suit in this Court based upon the same traffic stop.  In this new suit, in addition to Lewis, Leftridge named Kelly Matthews, one of the officers present during the traffic stop, and several "John Doe" officers as defendants.  Leftridge

v. Matthews, Civ. No. ELH-11-3499 (D. Md.).  This second case was assigned to Judge Ellen Hollander.  On April 18, 2012, Judge Hollander issued a memorandum and order which, inter alia, dismissed some of the claims in that action on res judicata grounds, referencing the undersigned's May 4, 2011, Memorandum and Order.  Civ. No. ELH-11-3499, ECF No. 33.  In denying Leftridge's motion for reconsideration of that decision, Judge Hollander noted that the dismissal of those claims could not be collaterally attacked in the action pending before her, but only by a Rule 60 motion in the above captioned action, Civil Action No. WMN-10-3640.  Civ. No. ELH-11-3499, ECF No. 39.

On May 9, 2012, Leftridge, now proceeding pro se, filed a pleading which he captioned, "Plaintiffs'[2] Rule 59 and Rule 60 Motions to Vacate and/or Modify Judgment Against the Official State Defendants to Without Prejudice and Vacate Mike Lewis Individual Capacity."  ECF No. 23.  The gist of this pleading is Leftridge's contention that when opposing the motions to dismiss his counsel was experiencing severe personal and professional issues and, as a result, provided Plaintiffs incompetent representation.  Noting the undersigned's criticism of Plaintiffs' counsel's pleadings, Leftridge suggests that the

---

[2] It appears that Leftridge is attempting to seek relief on behalf of himself and Sylvontae Bishop but the pleading was only signed by Leftridge.  As noted above, Leftridge, as a non-lawyer, can only represent his own interests.

3

Court should have recognized counsel's deficiencies and appointed Plaintiffs new counsel, sua sponte.

As an initial matter, the Court finds that Leftridge's motion was not timely, whether considered under Rule 59 or Rule 60. As noted above, the Order which Leftridge now seeks to undo was issued on May 4, 2011. As also noted, Leftridge filed his Rule 59/Rule 60 motion on May 9, 2012. Under Rule 59, any motion to alter or amend a judgment must be filed within 28 days. Rule 59(e). Under Rule 60, any motion for relief from a final judgment, order, or proceeding "must be made within a reasonable time" and, if for mistake, inadvertence, surprise, or excusable neglect "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

Here, Leftridge acknowledges that "[o]n or about June 2, 2011, [he] received notice[] from his attorney [] that he has been experiencing severe personal and professional issues and could not proceed with our Complaint before the Court." ECF No. 23 at 3. Inexplicably, Leftridge waited more than eleven months after learning of his attorney's difficulties before filing the instant motion. It is readily apparent that the instant motion

4

was filed neither within a reasonable time nor within a year of the order from which Leftridge seeks relief.[3]

Were the motion timely, it is nonetheless without merit. It is well established that the incompetence of counsel is not grounds for relief under Rule 60(b).  As the Supreme Court has stated,

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequences of the acts or omissions of his freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, rulings, notice of which can be charged upon the attorney.

<u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626 (1962).[4]  <u>See also</u> <u>Evans v. United Life & Accident Ins. Co.</u>, 871 F.2d 466, 472 (4th Cir. 1989) (holding that "a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)").

---

[3] In arguing that his motion was filed within a year of the challenged action, Leftridge references an October 18, 2011, entry on the docket: "Civil Case Terminated."  This entry is simply a clerical entry made by the Clerk's Office to signify that this is no longer an active docket.

[4] Leftridge appears not only to accept this principle but seems to have wholly embraced it.  In pointing out what he perceives to be the misdeeds of Defendants' counsel in this and in Civil Action No. ELH-11-3499, Leftridge quotes this language from <u>Lust</u>.  <u>See</u> ECF No. 25 at 11.

In opposing Leftridge's motion, Defendants also challenged the underlying merits of the claims asserted in the Amended Complaint.  In support of that challenge, Defendants submitted a video recording on CD of the traffic stop in question to demonstrate that Plaintiffs' allegations regarding the conduct of the officers are unsupported.  In addition to replying to that opposition, Leftridge filed a "Motion to Dismiss & Motion to Strike Defendants' Opposition Docket Entry No. 24 in Response to Plaintiffs' Motion for Rule 59 & Rule 60 Motion to Vacate Judgment and Motion for Order that State Defendants Submit Declarations and Affadavits (sic) to Their CD Material Exhibit." ECF No. 26.  The Court did not need to consider the evidence submitted by Defendants and thus will simply deny this motion as moot.

Accordingly, it is this 6th day of September, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiff Leftridge's motion to vacate or modify, ECF No. 23, is DENIED;

2) That Plaintiff Leftridge's motion to strike, ECF No. 26, is DENIED as MOOT; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to Plaintiff Vernon Leftridge and all counsel of record.

```
                      _____/s/_____
                      William M. Nickerson
                      Senior United States District Judge
```